## HALIFAX HOSPITAL DISTRICT, etc. v ARMSTRONG

### Case No. 84-1533-SP-12

County Court, Volusia County

August 6, 1985

### APPEARANCES OF COUNSEL

**Marvin Samuels** for plaintiff.

**Edward Simpson** for defendants.

### OPINION OF THE COURT

NORTON JOSEPHSON, County Judge.

THIS CAUSE came on to be heard for trial before the Court without the intervention of a jury and the Court having heard the testimony of the witnesses and examined the exhibits introduced into evidence finds the following:

This is an action to recover hospital services rendered to Gina Armstrong, a minor, daughter of the defendants.

On or about September 6, 1983 Gina was taken into custody by the Ormond Beach Police Department, upon a complaint of her parents, the defendants herein, that Gina was a runaway. Pursuant to proper

procedure the Ormond Beach Police Department turned Gina over to the Department of Health and Rehabilitative Services (hereinafter referred to as HRS) who in turn detained Gina at the Juvenile Detention Center in Volusia County, pursuant to an order of County Judge Darrel Carnell, which ordered provided that HRS was to provide "medical care if needed."

At the detention center Gina experienced a "bad dream" and was transported to the Florida Health Care Plan Facility for emergency treatment. The Florida Health Care Plan is the insurer of the defendants. Florida Health Care, having no facilities to handle emergency emotionally disturbed patients, transferred Gina to the Halifax Hospital Medical Center Psychiatric Ward, ostensible to be committed under the Baker Act (Section 394.463(1) Florida Statutes).

Gina remained in the hospital for five days without any evaluation or proceedings instituted under Chapter 394, Florida Statutes. The defendants sought to have Gina removed from the hospital, but were not granted this request until the defendant Willis Armstrong signed a "guarantee of account" which he did but allegedly under duress. Notwithstanding his signing of the guarantee of account, the hospital still refused to release Gina unless authorized by HRS. The next day the hospital did release Gina to HRS who in turn released Gina to her parents, the defendants herein.

The defendants in answer to the complaint filed by the hospital, denied the allegations of the complaint and expressly denied that they were responsible for the charges of Gina and brought a third party complaint against their insurer, the Florida Health Care Plan, Inc.

The Florida Health Care Plan, Inc., moved to dismiss the third party complaint upon grounds that pursuant to the group medical hospital service contract to which the defendant is a member, the defendant must utilize their sole exclusive means of the settlement of any disputes, the grievance committee hearing, the final determination of which can be appealed by either party to binding arbitration.

On August 24, 1984, the Court granted the motion to dismiss without prejudice.

At the trial, the defendant contended that HRS was responsible for the bill incurred during Gina's stay at the Halifax Hospital Medical Center and cites as authority the Attorney General's opinion 078-170, which held that the State (HRS) is required to provide emergency medical care for juveniles retained in the lawful custody and control of persons at a State operated detention facility, and it is necessarily

implied that the State has the authority "to pay" for such care through legislative appropriations duly authorized and budgeted.

However, the question propounded to the Attorney General was as between "the County or the State" who was responsible for the payment. The Attorney General concluded that the State was responsible because there had been sufficient legislative appropriations duly authorized and budgeted for that purpose, the County was not responsible or required to pay the medical bill. Here, the dispute as raised by the defendants at the trial is between the parents of the juvenile and the State (HRS) so that the Attorney General's opinion as cited above is not applicable.

Even so, Section 39.08 Florida Statutes provides that "after a hearing, the Court may order the custodial parent or parents, guardian or other custodian, if found able to do so, to reimburse the County or State for the expenses involved in such emergency medical or surgical treatment or care."

Chapter 39 Florida Statutes defines "Court" as:

"Court, unless otherwise expressly stated means "Circuit Court."

Therefore, this Court, as a County Court does not have jurisdiction as between the custodial parents etc., and the State (HRS), to determine whether the custodial parents have the ability to reimburse the State. If this Court did have such jurisdiction it would have nevertheless found from the evidence produced at the trial that the defendant's father is gainfully employed in a responsible position with the State of Florida, and thus has the ability to reimburse HRS.

The sole question then before the Court is whether the defendants as custodial parents of Gina are responsible for necessities of their child, to wit: emergency medical treatment.

. It needs no argument and it is universally held that it is the legal duty of a parent, who is able to do so, to furnish the necessary medical attention for his child. (24 Fla. Jur. Parent & Child, Par 15, page 158). The parents of a minor child have a legal duty and moral duty to support and maintain said child. (24 Fla. Jur., Parent and Child, Par 10, page 155).

The obligation of a father to support his child is a continuing one, even though he does not have custody of the child. *Isaacs v. Deutch*, 80 So. 2d 657.

It is therefore

ORDERED AND ADJUDGED that the plaintiff Halifax Hospital

District d/b/a Halifax Hospital Medical Center, does have and recover of and from the defendants Willis and Pat Armstrong, the sum of $1,300.90, together with costs in behalf of it expended in the sum of $55.00 for all of which let execution issue.